## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LESLIE STANLEY,                           )
                                          )
               Petitioner,             )
                                          )
           vs.                      )        CIVIL CASE NO.   00-895-DRH
                                          )
MARK A. PIERSON,                          )
                                          )
               Respondent.             )

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Leslie Stanley's Amended Petition for a § 2254 Writ of Habeas Corpus (Doc. No. 15).  Stanley was convicted of murder in the Circuit Court of St. Clair County, Illinois, in 1994.  He is serving a 35-year prison sentence and has exhausted his state court remedies. Stanley's claims for habeas relief are set forth below.

**Ground One:** Stanley alleges the following violations of his Sixth Amendment right to effective assistance of trial counsel:

(A).  Counsel failed to prepare for trial by investigating or interviewing James Dean, Dwana Stanley, Bryant Swiggert, Stanley Williams, Robert Earl Brock, Willie Snipes, Tamara Evans and Lavonda McNair,

(B).  Counsel failed to prepare for trial by reviewing a transcript of the grand jury proceedings,

(C).  Counsel failed to file a motion for an order suppressing evidence that petitioner confessed to Dwana Stanley,

(D).  Counsel failed to call Bryant Swiggert, Stanley Williams, Robert Earl Brock, and Willie Snipes as witnesses,

(E).  Counsel failed to object to Dwana Stanley's testimony regarding the truthfulness of petitioner's statement,

(F).  Counsel failed to adequately cross-examine Tamara Evans, Lavonda McNair, and Dr. Raj Nanduri,

(G).  Counsel failed to renew an objection to leading questions during the examination of

James Dean,

(H).  Counsel failed to renew an objection to a request that photographs of the victim's autopsy be submitted to the jury,

(I).  Counsel failed to object to a request that cigarette butts be submitted to the jury, and

(J). Counsel failed to object or seek a mistrial after the prosecutor made improper statements during closing argument.

Stanley further contends that the jury may have reached a verdict in his favor if his trial attorney had not committed these errors.

**Ground Two**: Stanley claims that he was deprived of his Fifth and Fourteenth Amendment right to due process when the Illinois Appellate Court affirmed his conviction on direct appeal without addressing his claim that trial counsel provided ineffective assistance by ignoring a reference to a large caliber bullet in an autopsy report.

**Ground Three**: Stanley claims that he was deprived of his Fifth and Fourteenth Amendment right to a fair trial when the prosecutor made improper statements during closing argument.

**Ground Four**: Stanley claims that he was deprived of his Fifth and Fourteenth Amendment right to a fair trial when the trial court allowed the jury to see x-rays and autopsy photographs.

**Ground Five**: Stanley claims that he was deprived of his Sixth Amendment right to counsel when appellate counsel provided ineffective assistance by failing to raise Grounds 1 through 4 on direct appeal.

In his Answer, respondent claims that most of Stanley's arguments for habeas corpus relief are in procedural default.  He claims that Stanley failed to raise his arguments at the appropriate time in state court or failed to fairly present the arguments to the state court.  Respondent further contends that arguments that were properly presented to the state court lack merit.

In reply, Stanley moved to strike the procedural default defense as insufficient as a matter

of law (Doc. No. 33).  He also claims that he received ineffective assistance from his appellate counsel, which excuses any procedural default resulting from his failure to present certain claims on direct appeal.  He also contends that all of his claims have merit.

## I.   Background.

Stanley was convicted of first-degree murder following the shooting death of Sammie Wilborn in Centreville, Illinois, in December, 1993.  The jury heard evidence that Sammie Wilborn and James Dean were passengers in a car driven by Stanley, who stopped the car on a back street in Centreville, when Wilborn said that he needed to urinate.  After Wilborn got out of the car, Stanley got out of the car and shot Wilborn with a handgun.  James Dean, the other passenger, ran from the scene.  Stanley went to his sister's house, where he told Dwana Stanley that he had killed someone.  Wilborn died from multiple gunshot wounds to his head and neck.  Stanley later explained Wilborn's death by telling Dean that Wilborn had "messed up" a quantity of cocaine.  Stanley was sentenced to serve 35 years in prison.

Stanley was represented by Jon Allard Jr. During pretrial and trial proceedings.  He was represented by Ann Hatch during post-trial and sentencing proceedings.  Stanley discharged his court-appointed counsel and represented himself on direct appeal.  He raised a number of claims, listed in Appendix A.  The Illinois Appellate Court affirmed Stanley's conviction and sentence; the Illinois Supreme Court denied Stanley's petition for leave to appeal.

Stanley initiated post-conviction proceedings.  After counsel was appointed, Stanley filed an Amended Petition, raising the claims listed in Appendix B.  Following an evidentiary hearing, the petition for post-conviction relief was denied.  That decision was affirmed on appeal, and Stanley's petition for leave to appeal to the Illinois Supreme Court was denied.

## II.   Standard of Review.

Stanley's habeas claims are governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act, which requires a finding that the state court reached a decision that is contrary to or involves an unreasonable application of federal law, as determined by the U.S. Supreme Court, or reached a decision that is based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). However, before evaluating Stanley's claim under this standard, the Court must consider respondent's assertion that many of Stanley's claims are in procedural default and Stanley's assertion that the procedural default defense is insufficient as a matter of law.

### III.    Procedural Default.

 Procedural default occurs when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement or when the petitioner failed to present a claim to the state courts at the time and in the way required by the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Claims that are in procedural default will be considered as grounds for habeas corpus relief upon a showing of cause and prejudice or where failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. at 750; *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Stanley seeks an order striking the procedural default defense. The Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). Stanley complains about the representation provided by Ann Hatch, who represented him during post-trial motions; the representation provided by Janet Fowler, who represented him for a period of time on direct appeal; and the Illinois Appellate Court's decision to allow him to proceed pro se on direct appeal (Doc. No. 21). While these arguments are not grounds to strike the procedural default defense, they are considered in determining whether Stanley has

shown "cause" for his procedural defaults.

### IV.    Ground One - Subpart A.

Stanley claims that his trial counsel erred by failing to interview or investigate James Dean, Dwana Stanley, Bryant Swygert, Stanley Williams, Robert Earl Brock, Willie Snipes, Tamara Evans, and Lavonda McNair prior to trial.  Respondent asserts procedural default as to the allegation that trial counsel failed to interview James Dean, Stanley Williams, Willie Snipes, Tamara Evans, and Lavonda McNair (Doc. No. 26, pp. 16-17).

Stanley challenged aspects of trial counsel's conduct in post-trial proceedings.  At the hearing on Stanley's post-trial motion, Stanley presented evidence that trial counsel did not interview Bryant Swygert, Stanley Williams, Robert Earl Brock, James Dean, Willie Snipes, Ronald Stanley, or Tamara Evans.  Trial counsel testified at the hearing that he believed he spoke with petitioner's sister, Dwana Stanley, before she took the stand.  The trial court decided that Stanley's trial counsel was not ineffective and that Stanley had not shown prejudice (Doc. No. 26, Ex. L, pp. 12-14, 23-24, 30).

On direct appeal and in his petition for leave to appeal,  Stanley argued that trial counsel was ineffective because he failed to adequately prepare for trial.  However, Stanley did not support this argument by referring to counsel's failure to interview particular witnesses (Doc. No. 11, Ex. A, pp. 64-66, Ex. C, pp. 64-66).  The Illinois Appellate Court found that defense counsel's performance did not fall below an objective standard of reasonableness and that Stanley was not so prejudiced by any of the alleged mistakes that the outcome of the trial would have been different (Doc. No. 11, Ex. B, pp. 9-10).

Stanley raised portions of this issue during post-conviction proceedings.  In the Circuit Court, he argued that trial counsel failed to interview Bryant Swygert, Stanley Williams, Robert Earl

Brock, Willie Snipes, and Dwana Stanley (Doc. No. 11, Exs. E, F).  The trial court denied the petition after conducting an evidentiary hearing.  When that order was challenged on appeal, Stanley claimed that trial counsel failed to interview Bryant Swygert, Robert Earl Brock, Dwana Stanley, and Lavonda McNair.

The Illinois Appellate Court affirmed the lower court's decision.  The Court discussed the standard governing Stanley's petition for post-conviction relief and the doctrines of waiver and res judicata but did not clearly resolve this issue by relying on a procedural bar (Doc. No. 11, Ex. I).[1]

James Dean and Tamara Evans.  While Stanley presented evidence to the trial court that trial counsel failed to interview James Dean or Tamara Evans, he failed to raise this omission as error on direct appeal or in the post-conviction proceedings.  Because Stanley did not present these grounds for relief at the appropriate levels in the state courts, this portion of his ineffective assistance of counsel claim is in procedural default.  Stanley's effort to attribute the default to appointed counsel and the Illinois Appellate Court are considered below in determining whether he has shown cause and prejudice.

Stanley Williams and Willie Snipes.  Trial counsel also testified that he did not interview Stanley Williams or Willie Snipes.  Stanley did not alert the state courts of these errors on direct appeal.  He raised the omission in his post-conviction proceedings but abandoned the issue when he appealed the denial of his Amended Post-Conviction Petition.  Because Stanley did not present these issues at all appropriate levels in the state courts, these claims are in procedural default.

---

[1]  In Illinois, "where a petitioner has previously taken a direct appeal from a judgment of conviction, the judgment of the reviewing court is *res judicata* as to all issues actually decided by the court, and any other claims that could have been presented to the reviewing court, if not presented, are waived."  *People v. Flores*, 606 N.E.2d 1078, 1083 (Ill. 1993).  The Illinois Appellate Court only discussed petitioner's allegations regarding Dwana Stanley, saying that they could not be "construed to be issues of constitutional magnitude that affected the outcome of the trial but could not have been previously raised" (Doc. No. 11, Ex. I).

Lavonda McNair.  During the hearing on Stanley's post-trial motion, trial counsel could not recall specific information regarding Lavonda McNair's testimony (Doc. No. 26. Ex. L, p. 23).  On direct appeal, Stanley did not argue that any failure by trial counsel to interview Ms. McNair was ineffective representation.   The argument was also omitted from Stanley's Amended Post-Conviction Petition.  Stanley raised the argument when he appealed the denial of the Amended Post-Conviction Petition.  The Illinois Appellate Court did not discuss the merits of this particular claim and did not clearly rely on waiver as grounds to reject the claim.  This claim is not procedurally defaulted and is addressed on the merits.  *Harris v. Reed*, 489 U.S. 255, 263 (1989).

 In order to establish a claim for ineffective assistance of counsel, Stanley must demonstrate that: (1) his attorney's performance fell below an objective standard of reasonableness, and (2) the attorney's deficient performance actually prejudiced his case.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Attorneys have a professional obligation to conduct "reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id*., 466 U.S. at 691.  The duty to investigate derives from counsel's basic function "to make the adversarial testing process work in the particular case." *Id.* 466 U.S. at 690.  In order to show prejudice, Stanley must demonstrate that there is a reasonable probability that, but for counsel's error, the result of his trial would have been different. *Id*. at 694.

As noted above, the record does not indicate whether trial counsel interviewed Lavonda McNair before trial.  Stanley presented no evidence on this point despite evidentiary hearings on his post-trial motion and his post-conviction petition.  The state courts had no factual basis to conclude that trial counsel's pretrial investigation was objectively unreasonable because counsel made no contact with Ms. McNair.  Moreover, Stanley has not shown that a pre-trial interview with Ms. McNair would have been reasonable and would have aided the defense in a way that probably would

have changed the outcome of the trial.[2]  Considering the lack of support for this portion of Stanley's ineffective assistance claim, the state court's decision is not contrary to the standard established in *Strickland*.

Dwana Stanley.  Before trial, Stanley's trial counsel reviewed police reports and filed a motion in an effort to prevent Dwana Stanley from testifying that petitioner had a gun a week or two before Sammie Wilborn was killed.  The motion was granted.  At trial, Ms. Stanley testified that the petitioner, her brother, came to her house on the evening of December 22, 1993, and told her that he had killed someone.  When she was asked to describe petitioner's statements, Ms. Stanley said that petitioner talked in circles and told her he had killed somebody.  When she refused to believe him, he swore that he was telling the truth and said "damn... I'm fixin [sic] to go to jail for something I did for the rest of my life."  He refused to identify the victim and left Ms. Stanley's house.  He returned a short time later with a pistol.

At the hearing on post-trial motions, plaintiff's trial counsel testified that he believed, but was not positive, that he spoke with Ms. Stanley before she took the stand. In support of his post-conviction petition, petitioner submitted an affidavit, in which Ms. Stanley indicated that the statements she attributed to petitioner at trial had occurred before Sammie Wilborn was killed. However, when the motion was called for hearing, Ms. Stanley testified that she signed the affidavit without reading it.  She could not recall the exact date that petitioner told her about a murder (Doc. No. 11, Ex. J, p. 11).

The state court reviewed the evidence and determined that petitioner's allegation of attorney error lacked a basis in fact and that trial counsel's approach with Ms. Stanley had no impact on the

---

[2]  An evidentiary hearing to develop facts supporting this argument was not conducted because Stanley did not comply with 28 U.S.C. § 2254(e)(2).

outcome of the proceedings.  Given trial counsel's testimony that he believed he spoke with Ms. Stanley before she took the stand and the fact that the record does not demonstrate that Ms. Stanley would have provided favorable testimony if trial counsel had conducted a pretrial interview, the state court's decision is not contrary to and does not involve an unreasonable application of the legal standard established in *Strickland*.  This habeas claim lacks merit.

Bryant Swygert.  Prior to trial, Stanley's trial counsel knew that Stanley Williams' vehicle was searched by the police because it matched the general description of the vehicle described by another witness.  Trial counsel read written statements provided to the police by Bryant Swygert and Stanley Williams.  Williams' statement revealed that Sammie Wilborn had been a passenger in Williams' white Buick Riviera but that this particular vehicle was not in Centreville on the night Sammie Wilborn was killed.  If trial counsel had interviewed Bryant Swygert, he might have learned that, on occasion, Sammie Wilborn had been a passenger in a white Buick Regal that might have belonged to Stanley Williams.

The state court rationally rejected Stanley's claim that trial counsel's failure to interview Bryant Swygert was an objectively unreasonable error that had an impact on the outcome of the trial. Trial counsel could rationally decide that a pretrial interview with Swygert would reveal information consistent with his statement and was not likely to produce information favorable to the defense. In light of Stanley Williams' statement and testimony, no facts suggest that Stanley's trial probably would have turned out differently if a pre-trial interview with Bryant Swygert had been arranged. The state court's determination is consistent with the legal standard established in *Strickland*.

Robert Earl Brock.  Trial counsel reviewed a written statement provided to the police by Robert Earl Brock; he did not conduct a personal interview.  Brock's statement indicated that James Dean fought with Sammie Wilborn before Wilborn was killed.  James Dean testified at trial that he

argued with Wilborn on the night Wilborn was killed (Doc. No. 30, Ex. 2, pp. 22, 37-38). Trial counsel could rationally decide that Brock's written statement provided enough information about the events preceding the murder and did not need clarification through a personal interview. Moreover, no evidence suggests that the trial might have turned out differently if trial counsel had interviewed Brock before trial. The state court rationally determined that trial counsel's failure to interview Robert Earl Brock prior to trial was not an unprofessional error that had an impact on the outcome of the trial. This determination is consistent with the standard established in *Strickland*.

---

Stanley contends that the defaulted ineffective assistance of trial counsel claims may be considered on the merits because he prepared his own post-trial motion and received ineffective assistance from counsel on direct appeal, because the Illinois Appellate Court failed to obtain a valid waiver of counsel on direct appeal, and/or because the Illinois Appellate Court failed to appoint new counsel after the Illinois Appellate Defender was discharged.

The Illinois Appellate Defender's office was appointed to represent Stanley on direct appeal. While Stanley wanted Janet Fowler to assert ineffective assistance of trial counsel, prosecutorial misconduct, and trial error claims, she only agreed to raise a sentencing issue. Because Stanley was dissatisfied with Ms. Fowler's selection of issues, he discharged his appellate counsel. The Illinois Appellate Court struck the brief filed by appellate counsel and allowed Stanley to file his own brief and represent himself on direct appeal (Doc. Nos. 21; 30, Ex. 3, 4).

To excuse a procedural default on the basis of cause, a habeas litigant must show that some objective factor external to the defense impeded his efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. at 488. An ineffective assistance of counsel claim generally must "be presented to the state courts as an independent claim before it may be used to establish cause

for a procedural default." *Id* at 489.

Stanley raised an ineffective assistance of appellate counsel in his Amended Post-Conviction Petition (Doc. No. 11, Ex. E).  However, he abandoned that claim on appeal and did not raise it in his petition for leave to appeal (Doc. No. 11, Exs. H, J).  Because the ineffective assistance of appellate counsel claim is in procedural default without a separate showing of cause and prejudice, the claim does not excuse the procedural default occurring on direct appeal.

Stanley did not raise an independent claim challenging the Illinois Appellate Court's order discharging appellate counsel and allowing Stanley to represent himself on direct appeal during the post-conviction proceedings.  Because Stanley did not give the state courts any opportunity to address this claim, it does not qualify as cause for Stanley's procedural default.  Also, the record shows that, despite any error by the Illinois Appellate Court, Stanley had a fair opportunity to present issues on direct appeal.  Any error by Stanley in selecting the issues to present on direct appeal is not "external to the defense." *Murray v. Carrier*, 477 U.S. at 488; *Henderson v. Cohn*, 919 F.2d 1270, 1272 (7th Cir.1990)(The "failure to act or think like a lawyer" is not cause for neglecting to assert a claim).  The Court should decline to find cause to excuse the procedural defaults occurring on direct appeal.

Stanley has not shown cause for the post-conviction procedural defaults.  Because the record does not demonstrate that pre-trial interviews of Dean, Evans, Williams, and Snipes would have developed evidence that might have changed the outcome of the trial, Stanley has not shown prejudice or demonstrated that failure to consider his defaulted claims will result in a fundamental miscarriage of justice.  In sum, Stanley is not entitled to habeas corpus relief on the arguments raised in Ground One, Subpart A.

## V.      Ground One - Subpart B.

Stanley contends that trial counsel failed to prepare for trial by reviewing a transcript of the grand jury proceedings. Trial counsel ordered a transcript of the grand jury proceedings. The transcript was not prepared before trial. When Lt. Musgrave testified before the grand jury, he said that a witness reported seeing an "off white" vehicle (Doc. No. 30, Ex. 1, p. 4). At trial, Musgrave described the vehicle owned by Mr. Snipes as "off yellow" (Doc. No. 30, Ex. 2, vol 2, p. 25). During post-trial proceedings, trial counsel testified that he probably would not have used the grand jury transcript to impeach Lt. Musgrave's trial testimony if the transcript had been available (Doc. No. 26, Ex. L, p. 18). The state court decided that trial counsel reasonably made a tactical decision to proceed to trial without the grand jury transcript and that pretrial review of the transcript would not have aided in Stanley's defense. This is a rational application of the facts to the standard in *Strickland*. Stanley is not entitled to habeas relief on Ground One, Subpart B.

## VI.   Ground One - Subpart C.

Stanley claims that trial counsel failed to file a motion to suppress evidence of his confession to his sister, Dwana Stanley. Because Stanley failed to present this argument to the state court, the claim is in procedural default. As noted above, Stanley decided which issues to present on direct appeal. Stanley may not assert the Illinois Appellate Court's decision to allow him to proceed pro se as cause for the procedural default, as that claim was not presented in any of the state court proceedings. Also, any error in Stanley's selection of issues is not external to the defense and also fails to excuse the procedural default. Absent a showing of cause, Stanley is not entitled to habeas relief on Ground One, Subpart C. Moreover, as there is no reason to believe that a pretrial motion to suppress the confession would have been successful, Stanley has failed to show actual prejudice.

## VII.   Ground One - Subpart D.

Stanley claims that trial counsel failed to call Bryant Swygert, Stanley Williams, Robert Earl

Brock, and Willie Snipes as witnesses.  Respondent contends that this argument is in procedural default because it was not fairly presented to the state court on direct appeal.

The fair presentment requirement ensures that federal habeas review will not occur unless the petitioner clearly informs the state court of both the operative facts and legal principles that control each Constitutional claim.  *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001).

On direct appeal, Stanley argued that trial counsel failed to subpoena witnesses but did not name the witnesses or identify the testimony that would have been presented at trial if subpoenas had been issued.  The state court was not informed of the operative facts.  With respect to Willie Snipes, the argument was not fairly presented to the state court at any level.  With respect to Swygert, Williams, and Brock, Stanley fairly presented the argument in his amended post-conviction petition.  However, the argument was abandoned when Stanley appealed from the denial of that petition (Doc. No. 11, Ex. H).

If Swygert had been subpoenaed, he might have testified that he had, on occasion, seen Sammie Wilborn ride in Williams' Buick.  If Williams had been subpoenaed, he might have testified that his Buick was not in Centreville when Sammie Wilborn was killed.  Brock might have testified that there was a fight between James Dean and Sammie Wilborn before Wilborn was killed.

Plaintiff has not shown cause or prejudice for his failure to fairly present these claims either on direct appeal or during the post-conviction appeal.  No facts suggest that Brock's testimony would have been significantly different than James Dean's description of his argument with Wilborn and there is no basis to conclude that the jury would have resolved any discrepancy against Dean or used the discrepancy as a basis to discredit Dean's testimony regarding Wilborn's death.  As there is no reason to believe that subpoenas would have produced testimony that would have led to a different verdict, failure to consider this claim on the merits would not result in a fundamental

miscarriage of justice.  Stanley is not entitled to habeas relief on Ground One, Subpart D.

**VIII.   Ground One - Subpart E.**

Stanley claims that trial counsel was ineffective because he failed to object to Dwana Stanley's testimony regarding the truthfulness of his confession.  This claim was not raised in the state court proceedings and is in procedural default.

When Dwana Stanley was asked to repeat what Stanley told her, she said:

> He told me- - well, he was talking in circles, like he was confused about something. And he told me he had killed somebody.  And then I said, you know I didn't believe him at first, I said, no you didn't.  Then he said, look at me.  And then when I looked at him, he said, look in my eyes, he said, I swear on every M.F. thing, you know, every mother fucking thing I love, is true.  He did, you know, shot somebody, killed somebody.

(Doc. No. 30, Ex. 2, p. 61).  Stanley's trial counsel did not object to Ms. Stanley's response.

Because Stanley never challenged the Illinois Appellate Court's decision to allow him to represent himself on direct appeal, he may not rely on an error by the Illinois Appellate Court as cause for his procedural default.  Any error in presenting issues on direct appeal is not cause for the procedural default because it is not an error external to the defense.  Because the question was proper and Ms. Stanley responded to the question by describing petitioner's statements and conduct, there is no reason to believe that an objection would have been sustained.  Stanley has not shown prejudice and has not demonstrated that failure to consider the issue will result in a fundamental miscarriage of justice.  He is not entitled to habeas relief on Ground One, Subpart E.

**IX.      Ground One - Subpart F.**

Stanley claims that trial counsel failed to adequately cross-examine Tamara Evans, Lavonda McNair, and Dr. Raj Nanduri.  Respondent contends that these claims are in procedural default or were not fairly presented to the state court.

On direct appeal, Stanley raised as an issue that trial counsel was ineffective for failing to

impeach state witnesses (Doc. No. 11, Ex. A, p. e).  In presenting that issue, Stanley did not discuss

trial counsel's cross-examination of Tamara Evans, Lavonda McNair, or Dr. Raj Nanduri.  Instead,

he discussed counsel's examination of Lt. Musgrave, James Dean, and - perhaps - Jackson (Doc. No.

11, Ex. A, pp. 64-66).  In post-conviction proceedings, petitioner argued that trial counsel failed to

cross-examine Dr. Raj Nanduri (Doc. No. 11, Ex. E).  However, the argument was not pursued when

petitioner appealed the order denying his amended petition (Doc. No. 11, Ex. H).

While habeas petitioners may reformulate their claims to some extent, petitioner's current

allegations of error in trial counsel's cross-examination of witnesses were not presented to the state

courts in a manner that permitted evaluation of an ineffective assistance claim based on counsel's

cross-examination of Tamara Evans, Lavonda McNair, and Dr. Raj Nanduri.  Petitioner has failed

to show cause and prejudice for this procedural default.

### X.      Ground One - Subparts G, H, and I.

Petitioner claims that trial counsel failed to renew an objection to leading questions posed

during the examination of James Dean (Subpart G), failed to renew an objection to a request that

photographs of the victim's autopsy be submitted to the jury (Subpart H), and failed to object to a

request that an exhibit identified as cigarette butts be submitted to the jury (Subpart I).  Respondent

contends that these habeas claims are procedurally defaulted because they were not presented to the

state courts.   Because these claims were not raised on direct appeal or in post-conviction

proceedings, they are in procedural default.  Petitioner has not excused the default with a showing

of cause and prejudice and has not demonstrated that failure to consider the claims on the merits will

result in a fundamental miscarriage of justice.

### XI.     Ground One - Subpart J.

Petitioner claims that trial counsel failed to object or seek a mistrial after the prosecutor

made improper statements during closing argument.  He refers to the prosecutor's description of cigarette butts found in the car and at the murder scene as being the "same type" and argument suggesting that Dwana Stanley and James Dean told the truth.

Respondent argues that the Illinois Appellate Court properly found that trial counsel's failure to object to the prosecutor's closing argument was not ineffective under the *Strickland* standard.

During closing argument, the prosecutor told the jury that the testimony of a drug addict could be viewed with suspicion but suggested that James Dean's addiction fit the pieces of the puzzle.  She said, "I argue to you he's telling you the truth."  Defense counsel did not object.  The prosecutor also said it was difficult for Dwana Stanley to testify against her brother because of her feelings but said that Ms. Stanley "needed to tell the truth."  Defense counsel did not object.  The prosecutor also suggested that cigarettes found in the car Willie Snipes said he loaned to the petitioner had "the same type of paper on them" as the cigarette found by Wilborn's body. (Doc. No. 30, Ex. 2, pp. 49, 55, 56).  Defense counsel did not object.  The Illinois Appellate Court reviewed the prosecutor's closing argument, determined that the prosecutor did not err by commenting on the credibility of witnesses, and determined that trial counsel's performance did not fall below an objective standard of reasonableness (Doc. No. 11, Ex. B).  Because prosecutors may comment on evidence during closing argument, that finding is not contrary to or inconsistent with the *Strickland* standard.  Petitioner is not entitled to habeas relief on Ground One, Subpart J.

### XII.   Ground Two.

Stanley argues that he was deprived of his right to due process when the Illinois Appellate Court affirmed his conviction on direct appeal without addressing his claim that trial counsel provided ineffective assistance by ignoring a reference to a large caliber bullet in an autopsy report. Respondent contends that this claim is in procedural default, as it was not raised throughout the post-

conviction proceedings.  Petitioner raised the underlying argument on direct appeal but did not raise a due process claim based on the Illinois Appellate Court's actions during the post-conviction proceedings.  The argument is in procedural default, and petitioner has not demonstrated cause and prejudice.  Furthermore, failure to consider the due process argument will not result in a fundamental miscarriage of justice.

### XIII.   Ground Three.

Petitioner claims that he was deprived of his Fifth and Fourteenth Amendment right to a fair trial when the prosecutor made improper statements during closing argument.  Respondent contends that this claim was not fairly presented during the state court proceedings.

On direct appeal, Stanley claimed that the prosecutor erred by expressing a personal opinion as to the credibility of Ms. Stanley and Mr. Dean (Doc. No. 11, Ex. A, pp. f, 52-3, 59).  He did not mention the U.S. Constitution in general or the Fifth Amendment in particular.  He relied on state court decisions discussing plain error and the State's latitude in making closing argument rather than the Fifth Amendment  guarantee of a fair trial.  He used terms like "improper" "not permissible" rather than "unconstitutional" and did not describe closing remarks that bring the Fifth Amendment to mind.   Stanley did not fairly present the state court with a Due Process claim based on prosecutorial misconduct.  *Verdin v. O'Leary*, 972 F.2d 1467 (7th Cir. 1992).  Moreover, Stanley has not shown cause and prejudice and has not demonstrated that a failure to address any defects in closing argument on the merits will result in a fundamental miscarriage of justice.

### XIV.   Ground Four.

Stanley claims that he was deprived of his Fifth and Fourteenth Amendment right to a fair trial when the trial court allowed the jury to see x-rays and autopsy photographs.  Respondent asserts procedural default.  Because Stanley did not present this claim on direct appeal or in the post-conviction proceedings, the claim is in procedural default.  Because Stanley has not shown cause

and prejudice and has not demonstrated that failure to address this claim will result in a fundamental miscarriage of justice, Ground Four is not addressed on the merits.

**XV.   Ground Five**.

Stanley claims that he was deprived of his Sixth Amendment right to effective assistance from counsel when appellate counsel failed to raise Grounds One through Four on direct appeal. Respondent asserts procedural default.  A portion of this claim was raised in the Amended Post-Conviction Petition (Doc. No. 11, Ex. E).  However, the claim was abandoned on appeal and in the petition for leave to appeal (Doc. No. 11, Exs. H, J).  The claim is in procedural default, and Stanley has failed to show cause and prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice.   Ground Five is not addressed on the merits.

## Conclusion

**IT IS RECOMMENDED that the** motion to strike (Doc. No. 33) be DENIED and that Stanley's Amended Petition for a Writ of Habeas Corpus (Doc. No. 15) be DENIED.  This action should be dismissed with prejudice.

**SUBMITTED:   ___August 24, 2004___.**

 s/Philip M. Frazier_____
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

# Appendix A

(1).  Stanley's Constitutional rights were violated when he was denied and deprived of a preliminary hearing on the charge of murder.

(2).  Stanley's Constitutional rights were violated by the illegal manner and false testimony a police officer gave to obtain an indictment against Stanley for murder.

(3).  Stanley's Constitutional rights were violated by the state's key witness's inconsistent statements, story to another state's witness, and testimony that clearly raised a reasonable doubt of Stanley's guilt and to the credibility of the state's key witness.

(4).  The jury denied Stanley a fair and impartial trial when it did not weigh the credibility of the state's key witness and resolve conflicts or inconsistencies in the witness's testimony as compared to the statement to the police officer.

(5).  The evidence did not support a first degree murder conviction because there was no evidence linking Stanley to the offense other than the conflicting testimony of the state's main witness, who gave contradictory testimony.

(6).  The jury denied Stanley a fair trial by not considering the oral statement the main witness told to another state's witness on the date of the murder when it had nothing to do with a murder but pertained to another physical incident with another individual in a different location than where the murder occurred.

(7).  The jury denied Stanley a fair trial by not considering the false testimony given by the police official in regards to the official testifying to the matter that the state's key witness read the statement and understood it clearly, when in fact he could not read at all.

(8).  The trial court erred in denying Stanley's motion for a directed verdict.

(9).  The trial court erred in not overruling the jury's guilty verdict, when it plainly showed

there was no physical evidence linking Stanley to the murder, other than the conflicting testimony and statement given by the state's key witness.

(10).  The trial court erred in refusing to impeach the credibility of the state's key witness.

(11).  The trial court erred in refusing to rule on or grant Stanley's motion for a new trial.

(12).  The trial court erred in refusing to consider the testimony of the other state's witness who asserted that the state's main witness gave a different story to his whereabouts other than the murder scene; and who described the car in question as being white with a square tire kit on the back, which was completely different from the car Stanley was driving.  And the state's witness described the car as yellow with no square tire kit on the back.

(13).  Trial counsel violated Stanley's Constitutional right to effective assistance of counsel by not properly interviewing Stanley's sister before trial, not impeaching the state's witness and the police officer, not providing Stanley with full and fair representation within the full meaning of the law, and by not interviewing other witnesses requested by Stanley.

(14).  The trial court abused its discretion in imposing an excessive sentence.

(15).  The trial court abused its discretion by allowing the state to bring up Stanley's prior convictions which were over ten years old and/or gave no weight to the fact that Stanley had not been convicted of a felony in over ten years.

(16).  The trial court abused its discretion by allowing the police to obtain an indictment in an illegal fashion before the grand jury.

(17).  The trial court abused its discretion by allowing the prosecution to make inflammatory remarks in the presence of the jury.

# Appendix B

(1).  Stanley was denied effective assistance of trial counsel when trial counsel committed the following errors having a substantial impact on the outcome of the proceedings:

(A).  Failed to adequately confer with Stanley before trial

(B). Failed to interview prosecution witness Dwana Stanley prior to trial

(C).  Failed to subpoena materials witnesses Donna Rees and Garold Warner to testify at trial.

(D).  Failed to cross-examine Dr. Raj Nanduri regarding a statement in the autopsy report about a large caliber bullet found in the victim's mouth.

(E).  Failed to cross-examine James Dean about his conversations with Lavonda McNair after the offense.

(F).  Failed to interview and subpoena Stanley Williams.

(G).  Failed to interview and subpoena Bryant Swygert.

(H).  Failed to interview and subpoena Robert Earl Brock.

(I).  Failed to use the Grand Jury transcript to impeach the testimony of Lt. Musgrave.

(J).  Failed to present evidence that the "shooter" allegedly in Sammie Wilborn's possession just prior to his death was never recovered.

(2).  Stanley was denied due process and equal protection in that the prosecution knowingly used false testimony of Lt. Gregory before the Grand Jury to obtain an indictment.

(3).  Stanley was deprived of the effective assistance of appellate counsel due to appellate counsel's failure to raise the first two issues.